UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CHILDREN'S PLACE, INC.<br><br>    Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:18-cv-11963-ES-JAD<br><br>**DEFENDANT'S ANSWER AND GROUNDS OF DEFENSE** |

Defendant Great American Insurance Company ("Great American") provides the following answer and grounds of defense to the amended complaint ("the complaint") filed by plaintiff The Children's Place, Inc. ("TCP") on May 24, 2019 (ECF. No. 21).

1. Great American admits the allegation in the first sentence of paragraph 1 of the complaint that TCP seeks insurance coverage for an alleged loss, but denies that the loss is covered under the insurance policy at issue and denies the remaining allegations in the first sentence of paragraph 1. Great American denies the allegations in the second sentence of paragraph 1.

2. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 2 of the complaint, and therefore denies such allegations.

3. Great American admits the allegations in paragraph 3 of the complaint.

4. Paragraph 4 of the complaint states a legal conclusion to which no response is required.

5. Paragraph 5 of the complaint states a legal conclusion to which no response is required.

6. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 6 of the complaint, and therefore denies such allegations.

7. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 7 of the complaint, and therefore denies such allegations.

8. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8 of the complaint, and therefore denies such allegations.

9. Great American lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 9 of the complaint, and therefore denies such allegations. The documents referenced in the second sentence

of paragraph 9 speak for themselves, and Great American denies the allegations in the second sentence of paragraph 9 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the second sentence of paragraph 9, and therefore denies such allegations. Great American denies the allegations in the third sentence of paragraph 9.

10. The documents referenced in paragraph 10 of the complaint speak for themselves, and Great American denies the allegations in paragraph 10 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 10, and therefore denies such allegations.

11. The documents referenced in paragraph 11 of the complaint speak for themselves, and Great American denies the allegations in paragraph 11 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 11, and therefore denies such allegations.

12. The documents referenced in paragraph 12 of the complaint speak for themselves, and Great American denies the allegations in paragraph 12 to the extent they are inconsistent with the documents referenced therein. Great American lacks

sufficient information or knowledge to admit or deny the remaining allegations in paragraph 12, and therefore denies such allegations.

13. The documents referenced in paragraph 13 of the complaint speak for themselves, and Great American denies the allegations in paragraph 13 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 13, and therefore denies such allegations.

14. The documents referenced in paragraph 14 of the complaint speak for themselves, and Great American denies the allegations in paragraph 14 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 14, and therefore denies such allegations.

15. The documents referenced in paragraph 15 of the complaint speak for themselves, and Great American denies the allegations in paragraph 15 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 15, and therefore denies such allegations.

16. The documents referenced in paragraph 16 of the complaint speak for themselves, and Great American denies the allegations in paragraph 16 to the extent they are inconsistent with the documents referenced therein. Great American lacks

sufficient information or knowledge to admit or deny the remaining allegations in paragraph 12, and therefore denies such allegations.

17. The documents referenced in paragraph 17 of the complaint speak for themselves, and Great American denies the allegations in paragraph 17 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 17, and therefore denies such allegations. Great American denies the allegations in footnote 1 in the complaint, which is linked to paragraph 17, to the extent the allegations imply that the third party referred to as "the Hacker" accessed TCP's email server. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in footnote 1, and therefore denies such allegations.

18. The documents referenced in paragraph 18 of the complaint speak for themselves, and Great American denies the allegations in paragraph 18 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 18, and therefore denies such allegations.

19. The documents referenced in paragraph 19 of the complaint speak for themselves, and Great American denies the allegations in paragraph 19 to the extent they are inconsistent with the documents referenced therein. Great American lacks

sufficient information or knowledge to admit or deny the remaining allegations in paragraph 19, and therefore denies such allegations.

20. The documents referenced in paragraph 20 of the complaint speak for themselves, and Great American denies the allegations in paragraph 20 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 20, and therefore denies such allegations.

21. The documents referenced in paragraph 21 of the complaint speak for themselves, and Great American denies the allegations in paragraph 21 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 21, and therefore denies such allegations.

22. The documents referenced in paragraph 22 of the complaint speak for themselves, and Great American denies the allegations in paragraph 22 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 22, and therefore denies such allegations.

23. The documents referenced in paragraph 23 of the complaint speak for themselves, and Great American denies the allegations in paragraph 23 to the extent they are inconsistent with the documents referenced therein. Great American lacks

sufficient information or knowledge to admit or deny the remaining allegations in paragraph 23, and therefore denies such allegations.

24. The documents referenced in paragraph 24 of the complaint speak for themselves, and Great American denies the allegations in paragraph 24 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 24, and therefore denies such allegations.

25. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 25 of the complaint, and therefore denies such allegations.

26. The insurance policy referenced in paragraph 26 of the complaint speaks for itself, and Great American denies the allegations in paragraph 26 to the extent they are inconsistent with the insurance policy.

27. Great American admits the allegations in paragraph 27 of the complaint.

28. The insurance policy which is partially quoted in paragraph 28 of the complaint speaks for itself, and Great American denies the allegations in paragraph 28 to the extent they are inconsistent with the insurance policy.

29. The insurance policy which is partially quoted in paragraph 29 of the complaint speaks for itself, and Great American denies the allegations in paragraph 29 to the extent they are inconsistent with the insurance policy.

30. The insurance policy which is partially quoted in paragraph 30 of the complaint speaks for itself, and Great American denies the allegations in paragraph 30 to the extent they are inconsistent with the insurance policy.

31. The insurance policy which is partially quoted in paragraph 31 of the complaint speaks for itself, and Great American denies the allegations in paragraph 31 to the extent they are inconsistent with the insurance policy.

32. Great American admits the allegations in paragraph 32 of the complaint.

33. Great American admits the allegations in paragraph 33 of the complaint.

34. Great American incorporates its responses to paragraphs 1 through 33 of the complaint as though set forth fully herein.

35. Great American denies the allegations in paragraph 35 of the complaint.

36. Great American denies the allegations in paragraph 36 of the complaint.

37. Great American admits the allegations in paragraph 37 of the complaint.

38. The documents referenced in paragraph 38 of the complaint speak for themselves, and Great American denies the allegations in paragraph 38 to the extent they are inconsistent with the documents referenced therein.

39. The documents referenced in the first sentence of paragraph 39 of the complaint speak for themselves, and Great American denies the allegations in the first sentence of paragraph 39 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the first sentence of paragraph 39, and therefore denies such allegations. Great American denies the allegations in the second sentence of paragraph 39.

40. Great American denies the allegations in the first sentence of paragraph 40 of the complaint. The document referenced in the second sentence of paragraph 40 speaks for itself, and Great American denies the allegations in the second sentence of paragraph 40 to the extent they are inconsistent with the document referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the second sentence of paragraph 40, and therefore denies such allegations.

41. Great American denies the allegations in paragraph 41 of the complaint.

42. Great American denies the allegations in paragraph 42 of the complaint.

43. Great American denies the allegations in paragraph 43 of the complaint.

44. Great American admits the allegations in the first sentence of paragraph 44 of the complaint. Great American denies the allegations in the second sentence of paragraph 45 of the complaint.

45. Great American denies the allegation in paragraph 45 of the complaint that the policy language referenced therein is ambiguous and denies that ambiguous language in the policy must be construed in TCP's favor, but admits that Great American's interpretation of the policy is reasonable.

46. Paragraph 46 of the complaint states a legal conclusion to which no response is required.

47. The documents referenced in paragraph 47 of the complaint speak for themselves, and Great American denies the allegations in paragraph 47 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 47, and therefore denies such allegations.

48. Great American denies the allegations in paragraph 48 of the complaint.

49. Great American denies the allegations in paragraph 49 of the complaint.

50. Great American denies the allegation in paragraph 50 of the complaint that the person referred to therein as "the Hacker" gained access to TCP's email system. Great American also denies the allegation in paragraph 50 that TCP transferred money as a "direct result" of the documents referenced therein. Great

American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 50, and therefore denies such allegations.

51. Great American denies the allegations in paragraph 51 of the complaint.

52. Great American admits the allegations in paragraph 52 of the complaint.

53. Paragraph 53 of the complaint states a legal conclusion to which no response is required.

54. Great American admits the allegation in paragraph 54 of the complaint that a declaratory judgment may clarify the legal rights of the parties, but denies the remaining allegations in paragraph 54.

55. Paragraph 55 of the complaint states legal conclusions to which no response is required.

56. Great American denies that TCP is entitled to a declaratory judgment, including but not limited to a declaratory judgment that includes the findings listed in paragraph 56 of the complaint and in the "WHEREFORE" clause set forth after paragraph 56.

57. Great American incorporates its responses to paragraphs 1 through 56 of the complaint as though set forth fully herein.

58. Great American denies the allegations in paragraph 58 of the complaint.

59. The insurance policy referenced in paragraph 59 of the complaint speaks for itself, and Great American denies the allegations in paragraph 59 to the extent they are inconsistent with the insurance policy. Great American also denies the allegations in paragraph 59 to the extent they imply that the alleged losses that are the subject of the complaint are covered under the policy.

60. Great American denies the allegations in paragraph 60 of the complaint.

61. Great American denies the allegations in paragraph 61 of the complaint.

62. Great American denies the allegations in paragraph 62 of the complaint.

63. Great American denies the allegations in paragraph 63 of the complaint.

64. Great American denies the allegations in paragraph 64 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted, and therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The complaint is barred because TCP failed to comply with the terms and conditions of the policy and/or because the alleged loss is not covered by the policy.

### THIRD AFFIRMATIVE DEFENSE

The complaint is barred by the applicable policy exclusions and all available policy language and limitations.

## FOURTH AFFIRMATIVE DEFENSE

TCP's claims are barred since TCP has failed and refused to comply with conditions precedent contained within the policy.

## FIFTH AFFIRMATIVE DEFENSE

The complaint is barred and/or some or all of the TCP's damages may be foreclosed by TCP's failure to mitigate damages.

Great American denies that TCP is entitled to any of the relief listed in its "wherefore" clause, or any relief at all. Wherefore, Great American requests that the complaint be dismissed with prejudice and that it be awarded its attorneys' fees, costs, and all other necessary and appropriate relief.

DATED: June 6, 2019.   **GREAT AMERICAN INSURANCE COMPANY**

/s/ Ezra H. Alter
Ezra H. Alter
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Gateway IV, Suite 401
100 Mulberry St.
Newark, NJ  07102
P: (973) 855-4719
F: (973) 855-4701
ealter@eckertseamans.com

- and -

Michael A. Graziano (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Ave., NW, Suite 1200
Washington, D.C.  20006
P: (202) 659-6671
F: (202) 659-6699
mgraziano@eckertseamans.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on June 7, 2019.

/s/ Ezra H. Alter
Ezra H. Alter