```
1                      UNITED STATES DISTRICT COURT
                          DISTRICT OF NEW JERSEY
2

3   _____
    THE CHILDREN'S PLACE, INC.,  :  Civil Action No.
                                 :  2:18-cv-11963-ES-JAD
4            Plaintiff,          :
                                 :
5        vs.                     :
                                 :  Newark, New Jersey
6   GREAT AMERICAN INSURANCE     :  Wednesday, October 23, 2019
    COMPANY,                     :  10:33 a.m.
7                                :
             Defendant.          :
    _____
8
                      TRANSCRIPT OF STATUS CONFERENCE
9              BEFORE THE HONORABLE JOSEPH A. DICKSON
                    UNITED STATES MAGISTRATE JUDGE
10

11  APPEARANCES:

12  For the Plaintiff:          Hunton Andrews Kurth, LLP
                                By:  JOSHUA S. PASTER, ESQUIRE
13                              200 Park Avenue
                                New York, NY 10166
14

15  For the Defendant:          Eckert, Seamans, Cherin &
                                Mellott, LLC
16                              By:  MICHAEL A. GRAZIANO, ESQUIRE
                                1717 Pennsylvania Avenue NW
17                              12th Floor
                                Washington, DC 20006
18

19

20  Transcription Company:      KLJ Transcription Service, LLC
                                P.O. Box 8627
21                              Saddle Brook, NJ  07663
                                Phone:  (201)703-1670
22                              www.kljtranscription.com
                                info@kljtranscription.com
23

24  Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.
25
```

1                          I N D E X

2

3        DISCOVERY DISPUTES:                                PAGE

4        Colloquy re Security Procedures.. . . . . . . . . . . . 3

5        Ruling. . . . . . . . . . . . . . . . . . . . . . . . 7

6        Colloquy re Clarification.. . . . . . . . . . . . . . 9

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1         (Conference commenced at 10:33 a.m.)

2              THE COURT:  All right.  This is The Children's

3    Place, Inc. versus Great American Insurance Company, Docket

4    Number 18-11963.

5              May I have appearances, please?

6              MR. PASTER:  Good morning, Your Honor.  Joshua

7    Paster from Hunton Andrews Kurth on behalf of The Children's

8    Place.

9              MR. GRAZIANO:  Good morning, Your Honor.  Mike

10   Graziano on behalf of Great American Insurance Company.

11             THE COURT:  Okay.  I called everybody back in here

12   because going through this I still wasn't clear about a couple

13   of things.  But since I called you back in here, I continued

14   to read through it, because I'm trying to -- this shouldn't be

15   giving me such a hard time.  I should be able to figure this

16   out.

17             So, actually, I think I have only a couple of -- one

18   or two questions at most at this point.  And I'm looking for --

19   which I had this morning in my file as an attachment.

20             While I'm looking for it, essentially you want the

21   plaintiff to produce by way of interrogatory and/or document

22   demand -- I won't remember which one or maybe both -- the six

23   types of security procedures that they checked off on their

24   application for the fraudulently inducted transfers for

25   insurance.  Correct?

1          MR. GRAZIANO:  Yes, Your Honor.  We want -- I

2   initially did this by document request and I was going to do a

3   deposition, but I -- as I said at the last hearing, I'm open

4   to doing this in the most efficient way possible.  Essentially

5   what I want initially is documents or it can be interrogatory

6   answers that explain whether or not The Children's Place had

7   these six procedures in place at the time of the application.

8   And if -- and in addition, whether or not they followed the

9   procedures in connection with the particular transaction at

10  issue.

11         THE COURT:  Okay.  Now, the defense to that is that

12  these six procedures are found on an application for

13  fraudulently induced transfers insurance that Judge Salas has

14  now already ruled they did not need a condition precedent to

15  get the coverage for this event.  Correct?

16         MR. PASTER:  That's correct, Your Honor.

17         THE COURT:  And since Judge Salas has said there's

18  no coverage under that application, they're saying that those

19  procedures -- you're saying -- and I don't want to put too

20  many words in your mouth.  Correct me when I go astray.

21  You're saying that it's irrelevant.

22         MR. PASTER:  That's correct, Your Honor.  It's

23  irrelevant for two reasons.  One, as Your Honor pointed out,

24  this coverage is not at issue in the case.  It's already been

25  dismissed.

1          THE COURT:  Right.

2          MR. PASTER:  It was a coverage for which Children's

3  Place paid a separate premium, it's a separately insured risk,

4  so it's just irrelevant on that.  And then separately, as we

5  discussed at the last conference, security procedures is a

6  specifically defined term, it applies only to agreements

7  between the insured, in this case Children's Place, --

8          THE COURT:  I remember.  I don't mean to cut you

9  off.  That's kind of a different argument, but I get it.

10         MR. PASTER:  Correct.  It's the --

11         THE COURT:  To the extent they're trying to slip

12  these procedures under that definition, it didn't work.

13         MR. PASTER:  That's right, Your Honor.

14         THE COURT:  Okay.  And I kind of agree with that, by

15  the way.  I don't think it does work.  And then there was a

16  concern you had that they're on a fishing expedition.

17         MR. PASTER:  That's also correct, Your Honor.  And

18  it really dovetails from the lack of relevance.

19         THE COURT:  On the fishing expedition aspect of it,

20  I went back and I read again for a third time Judge Salas's

21  opinion and she did give them the right to amend within 30

22  days.  And we're a little bit beyond that now, but we've been

23  fighting this fight for a while, so I haven't done any kind

24  of --

25         MR. PASTER:  If I may, Your Honor?  We actually did

1    amend, and when we amended obviously we pulled out the

2    fraudulently induced transfer claim.  So there were some --

3              THE COURT:  Okay.

4              MR. PASTER:  -- additional factual allegations, but

5    we did amend.

6              THE COURT:  Okay.  So, but here's where I'm coming

7    down after all that and making you come back in.

8              Do you want to be heard about something?

9              MR. GRAZIANO:  Yes, I would like to respond to his

10   argument, if I may, Your Honor.

11             THE COURT:  Okay.

12             MR. GRAZIANO:  Well, there's two reasons we think

13   it's relevant.  And we've been over this, and we'll try to be

14   as brief as possible.

15             Number one.  With respect to the computer fraud and

16   sharing agreement, which is still in the case, I -- I -- there

17   has been no determination by Judge Salas as to whether or not

18   the security procedures exclusion applies.  And our position

19   is it does apply, because interpreting it in the way that

20   they're interpreting it, to require for every security

21   procedure that there be an agreement with a customer or a

22   financial institution would render completely useless and

23   meaningless the third subpart of the exclusion which says any

24   procedure that you represented to us you would follow without

25   any -- because anything that falls into that which also was an

1    agreement with a customer or a financial institution would be

2    covered by the first subpart of the exclusion anyway, so that

3    third part would be completely meaningless.

4              So that's -- that's our coverage argument that we're

5    going to make to Judge Salas, whether we get this --

6              THE COURT:  Right.

7              MR. GRAZIANO:  -- additional discovery or not.  So,

8    we think -- so the security so the procedures, what they

9    followed or didn't follow, are relevant to that point.

10             With respect to the second point, the rescission

11   issue, we haven't technically asserted an affirmative defense

12   yet, but our position is just that we have -- there's enough

13   smoke here.  There wasn't at the beginning of the case, and as

14   we've gone along and --

15             THE COURT:  Right.

16             MR. GRAZIANO:  -- we've learned that there's more

17   security procedures, there's enough smoke that we believe a

18   small amount of discovery that's not overly burdensome is --

19   is warranted.

20             THE COURT:  Okay.  Just not by way of ruling on any

21   potential future application, you will have to satisfy the

22   good faith requirement, as opposed to liberality of pleading

23   standard, if you want to amend your answer to include an

24   affirmative defense that you did not assert before.  So you'll

25   have to tell me why you weren't in a position to do it before

1    and what gave rise to the thing now.  I actually kind of

2    anticipated what your arguments will be.

3           Here's where I came down on this.  And I've been --

4    for some -- this is one of those things where a light bulb

5    goes off.  I've been struggling with this.  I mean, your

6    arguments are persuasive and good, but I don't think they

7    ultimately rule the issue or rule the day.  And here's why.

8    And bear with me.

9           These six -- if you had asked in an interrogatory or

10   in a document demand to produce any policies that require --

11   that you follow to investigate new vendors -- in other words,

12   if you had just named these as topics of discussion or topics

13   of inquiry in an interrogatory and did not refer to this

14   application, I don't think we'd be having this fight.  Because

15   within Rule 26 scope of discovery I think they're relevant for

16   discovery purposes.  How it all plays out with respect to

17   rescission and/or a defense to the -- or to their defense of

18   exclusion of the security procedure and the policy or anything

19   else in this case, I can't rule today -- I can't rule on

20   today.  I can't decide today whether they're going to be able

21   to be used, whether they're going to be precluded at the

22   trial, or whether they'll have anything to do with the summary

23   judgment motion.  But the point is, I think they're relevant

24   under Rule 26.  So, but you didn't ask those questions.

25           Having discussed this with a colleague of mine, they

1    said, so then you should deny the motion.  And I said, well,

2    here's what's going to happen when I deny the motion.  He's

3    going to go back to his office and immediately draft an

4    interrogatory asking those questions.

5         So, I don't remember what the interrogatory or

6    document demand looks like right now, but I'm going to allow

7    defense to inquire into these procedures, because they look

8    close enough to the facts of this case that they might be

9    relevant if there are such procedures, whether or not they're

10   maintained.

11        I'm not allowing this discovery for purposes of

12   making an argument that they misrepresented facts on an

13   insurance application that is no longer in the case.  I'm

14   allowing this discovery with regard to its relevance regarding

15   whether or not there are security procedures which might have

16   touched on the events in this case as they are insured with

17   what's left under the computer fraud policy.

18        MR. GRAZIANO:  Understood.  Could I ask for a

19   clarification?

20        THE COURT:  Sure.  Because I think that was a little

21   confusing.

22        MR. GRAZIANO:  No, it wasn't too confusing, but the

23   -- with respect to -- I understand you're not allowing the

24   discovery for purposes of a rescission argument.  If --

25        THE COURT:  Well, I'm not allowing it --

Colloquy                                    10

1          (Extended pause)

2          THE COURT:  No, I'm not going to -- I'm not going --

3  I said that, but I'm not going to restrict it like that.

4          MR. GRAZIANO:  Okay.  The reason --

5          THE COURT:  But what I want to point out is, I'm

6  allowing it not because I'm trying to give you a path to

7  rescission, I'm allowing it because I think the information

8  contained here -- the information you're seeking is relevant

9  to the facts of this case.

10         MR. GRAZIANO:  Understood.  I just wanted a

11 clarification, because if we end up getting into a rescission

12 scenario, I think I have some arguments in response to what

13 Mr. Paster said about the application being for separate

14 coverage, but I -- from -- I take it, from what you just said,

15 we don't need to go down that road today.

16         THE COURT:  No, I -- no, I'm not -- my ruling does

17 not depend on whether or not you can use it for rescission.  I

18 think it's relevant to the case otherwise.

19         MR. GRAZIANO:  Understood.  Thank you.

20         THE COURT:  And what I was trying to say before is

21 this rescission argument is going to be litigated at another

22 day.  Probably twice.  Once when you try to amend, and then

23 again, if I let you amend, in front of Judge Salas.  And I

24 understand how you'll make -- I don't understand everything

25 about how you make your arguments, but I understand the path

1  you're taking.

2          Do you understand what I'm trying to say, sir?

3          MR. PASTER:  I do, Your Honor.

4          THE COURT:  Okay.  So, that's that.  I think I'm

5  finished.

6          MR. GRAZIANO:  Okay.  Thank you.

7          THE COURT:  Everybody understand?

8          MR. GRAZIANO:  Yes.

9          THE COURT:  You can ask for that discovery, and I --

10  and I'll leave it to counsel to meet and confer to determine

11  whether you need to redraft anything.  If they require it, I

12  probably would say you should do it.  I mean, he knows what

13  you want.  But let's don't spend a lot of time in depositions

14  or otherwise asking how this was filled out.  I just think the

15  existence of the policies are what's relevant.  Or the

16  existence or non-existence of the policies and procedures for

17  security issues is what's relevant for this case.  Okay?

18          MR. GRAZIANO:  Yes.  We'll take it one step at a

19  time, Your Honor.

20          THE COURT:  Okay.  Thank you.  All right.  Thank you

21  very much.

22          MR. GRAZIANO:  Thank you.

23          MR. PASTER:  Thank you, Your Honor.

24          (Conference concluded at 10:44 a.m.)

25                  * * * * * * * * *

1           C E R T I F I C A T I O N

2           I, TERRY L. DeMARCO, court-approved transcriber,

3    certify that the foregoing is a correct transcript from the

4    electronic sound recording of the proceedings in the above-

5    entitled matter recorded on October 23, 2019 from 10:33:49 a.m.

6    to 10:44:48 a.m.

7

8

9    _____10/31/19_____          ***S / Terry L. DeMarco***

10          Date                     Terry L. DeMarco, AD/T 566

11                                   KLJ Transcription Service

12

13

14

15

16

17

18

19

20

21

22

23

24

25