UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CHILDREN'S PLACE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 2:18-CV-11963-ES JAD |

**PLAINTIFF'S SUPPLEMENT TO MAINTAIN THE UNREDACTED VERSION OF DOCUMENTS NO. 54, 55, AND 55-1 UNDER SEAL**

The Children's Place, Inc. ("TCP") requests, pursuant to Local Rule 5.3(c), to maintain the unredacted version of Documents No. 54, 55, 55-1, 69, 70, 71,[1] 72,[2] and 74 (collectively, the "Documents") under seal permanently for the reasons set forth below and in the Declaration of Peter Kuhn.

1. TCP previously requested that this Court maintain the unredacted version of Documents No. 54, 55, and 55-1 under seal (D.E. 58).[3]

2. In his Declaration, Mr. Peter Kuhn explained that Documents No. 54, 55, and 55-1, contain confidential and sensitive information and set forth the reasons TCP requests such information not be made public (D.E. 58-2).

3. On July 16, 2020, TCP and GAIC filed their motions for summary judgment, briefs in support of their motions for summary judgment, and supporting exhibits (D.E. No. 69, 70, 71, 72, and 74).

---
[1] Including Exhibits Nos. 1-17.
[2] Including Exhibits Nos. 1-13.
[3] This Court has not issued a ruling on TCP's Motion to Maintain the Unredacted Version of Documents No. 54, 55, and 55-1 under seal.

4. Consistent with its previous Motion to Maintain the Unredacted version of Documents No. 54, 55, and 55-1 under seal and for the same reasons, TCP seeks to maintain the unredacted version of Documents No. 69, 70, 71, 72, and 74, including the exhibits attached thereto, under seal permanently.

5. The Documents contain confidential and commercially sensitive information about TCP's business. Specifically, the information at issue relates to the internal process TCP uses in obtaining certain bank account information from its vendors that is not otherwise publically available. The release of this information to TCP's competitors and would-be fraudsters (like the individual(s) that facilitated the underlying scheme giving rise to the present insurance dispute) could cause TCP to suffer economic harm.

6. These Documents also contain information regarding the identity of TCP's past and present employees that were involved in the underlying fraudulent scheme. TCP does not make the identity of its employees available to the public and disclosing such information would frustrate the employee's privacy interests and can result in reputational harm to TCP and the individuals. In addition, disclosing the roles of TCP's former and present employees involved in the underlying fraudulent scheme may make TCP susceptible to similar fraudulent schemes.

7. In addition, these Documents contain information regarding the identity of TCP's cyber-incident response expert. TCP's expert was not retained for the purposes of litigation and is entitled to the same privacy protection as TCP's past and present employees. The identity of TCP's cyber-incident response expert is not otherwise available to the public and disclosing such information would frustrate the individual's privacy interests and can result in reputational harm to TCP and the individual.

8. Below is a supplemental index providing information about the specific proposed redactions within the Documents:

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if Relief is not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Doc. No. 54, at pg. 1-3. | Confidential and commercially sensitive information about TCP's business | TCP's competitors and would-be fraudsters could learn information relating to the internal process TCP uses in obtaining certain bank account information from its vendors | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 55, at pg. 1-2. | Confidential and commercially sensitive information about TCP's business | TCP's competitors and would-be fraudsters could learn information relating to the internal process TCP uses in obtaining certain bank account information from its vendors | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 55-1, at ¶¶ 45, 46, 48, 49, 50, 58, 87, 92. | Confidential and commercially sensitive information about TCP's business | TCP's competitors and would-be fraudsters could learn information relating to the internal process TCP uses in obtaining certain bank account information from its vendors | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 55-1, at ¶¶ 28, 29, 33, 35, 36, 37, 38, 44, 47, 48, 51, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 66, 67, 69, 70, 71, 72, 73, 74, 75, 78, 80, 81, 85. | Information regarding the identity of TCP's past and present employees | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 54, at pg. 1 and 3. | Information regarding the identity of TCP's cyber-incident | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to | Targeted redaction is the only method available to protect the confidential information | None |

3

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if Relief is not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| | response expert | TCP | | |
| Doc. No. 55-1, at ¶¶ 102-122. | Information regarding the identity of TCP's cyber-incident response expert | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 69, at pg. 2, 4, 8, 19, 20. | Confidential and commercially sensitive information about TCP's business | TCP's competitors and would-be fraudsters could learn information relating to the internal process TCP uses in obtaining certain bank account information from its vendors | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 70, at pg. 2, 3, 13, 20, 22, 23. | Confidential and commercially sensitive information about TCP's business | TCP's competitors and would-be fraudsters could learn information relating to the internal process TCP uses in obtaining certain bank account information from its vendors | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 70, at pg. 13-14. | Information regarding the identity of TCP's past and present employees | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 70, at pg. 11. | Information regarding the identity of TCP's cyber-incident response expert | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 74-1, at pg. 10, 34. | Confidential and commercially sensitive information | TCP's competitors and would-be fraudsters could learn information relating to the internal process TCP uses in | Targeted redaction is the only method available to protect the confidential information | None |

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if Relief is not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| | about TCP's business | obtaining certain bank account information from its vendors | | |
| Doc. No. 74-1, at pg. 6, 7, 9, 19, 13, 32, 41. | Information regarding the identity of TCP's past and present employees | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 74-1, at pg. 13, 14, 16, 17, 18, 19, 20, 41. | Information regarding the identity of TCP's cyber-incident response expert | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 74-2, at pg. 16. | Confidential and commercially sensitive information about TCP's business | TCP's competitors and would-be fraudsters could learn information relating to the internal process TCP uses in obtaining certain bank account information from its vendors | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 74-2, at pg. 5, 7, 8, 12, 20, 22, 23. | Information regarding the identity of TCP's past and present employees | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |
| Doc. No. 74-2, at pg. 11, 12, 13. | Information regarding the identity of TCP's cyber-incident response expert | Disclosing this information can frustrate the individuals' privacy interests and can result in reputational harm to TCP | Targeted redaction is the only method available to protect the confidential information | None |

9. Great American Insurance Company does not object to the entry of an order maintaining the unredacted version of Documents under seal permanently.

5

Accordingly, TCP requests that the Court enter an order maintaining the unredacted version of the Documents under seal permanently.

Dated: July 30, 2020

                                                       Respectfully submitted,

                                                       */s/ Kevin V. Small*
                                                       Kevin V. Small
                                                       HUNTON ANDREWS KURTH LLP
                                                       200 Park Avenue
                                                       New York, NY 10166
                                                       (212) 309-1000
                                                       ksmall@HuntonAK.com

                                                       – and –

                                                       Walter J. Andrews
                                                       (*admitted pro hac vice*)
                                                       Daniel Hentschel
                                                       (*admitted pro hac vice*)
                                                       HUNTON ANDREWS KURTH LLP
                                                       1111 Brickell Avenue, Suite 2500
                                                       Miami, FL 33131
                                                       (305) 810-2500
                                                       wandrews@HuntonAK.com
                                                       dhentschel@HuntonAK.com

                                                       *Counsel for The Children's Place, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 30, 2020 a true and correct copy of PLAINTIFF'S SUPPLEMENT TO MAINTAIN THE UNREDACTED VERSION OF DOCUMENTS NO. 54, 55, AND 55-1 UNDER SEAL was electronically filed using CM/ECF and served on all counsel of record.

*/s/ Kevin V. Small*
HUNTON ANDREWS KURTH LLP
