NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CHILDRENS PLACE, INC.<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE CO.<br><br>Defendant. | Civil Action No. 18-11963 (ES) (JAD)<br><br><br>ORDER |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by way of Plaintiff, The Children's Place, Inc.'s unopposed Motion to Seal Documents 54, 55, and 55-1 pursuant to Local Civil Rule 5.3(c).

**FINDINGS OF FACT**

**WHEREAS** Documents 54, 55, and 55-1 contain confidential and sensitive information related to the internal business operations of Plaintiff. Specifically, the documents contain internal processes used to obtain bank account information of vendors that is not otherwise publicly available;   (ECF Nos. 54, 55, 55-1);

**WHEREAS** the documents also contain the identities and positions of past and present employees involved in the underlying fraudulent scheme that gave rise to this litigation, (ECF No. 55-1), and the dissemination of these names would likely impede privacy interests. The dissemination of their positions, moreover, could inspire others employed by Plaintiff to commit fraud and render Plaintiff susceptible to other incidents;

**WHEREAS** Documents 54 and 55-1 contain the name of an expert retained for non-litigation purposes to examine the cyber-incident underlying this present litigation and dissemination of the expert's name could frustrate the individual's privacy interests;

**WHEREAS** Plaintiff holds an important and legitimate interest in maintaining its otherwise confidential business processes from unwarranted public disclosure and dissemination;

**WHEREAS** Plaintiff filed redacted copies that only cover the necessary information that forms the basis of the present motion in a manner that no party objects to and no non-party objects to (ECF Nos. 56, 57);

## CONCLUSIONS OF LAW

**WHEREAS** a presumptive right of public access to judicial proceedings and records exists; district courts have recognized that such right is not absolute; and the presumption may be rebutted, In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001);

**WHEREAS** To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, the moving party must demonstrate: (1) a substantial and compelling interest in confidentiality; and (2) that dissemination would work a clearly defined and serious injury to the party seeking protection, Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994);

**WHEREAS** once a movant establishes these two elements, a district court engages in a balancing process, pursuant to which, the court weighs the common law presumption of access against those factors that militate against access, In re Cendant Corp., 260 F.3d at 194; see also Republic of Philippines v. Westinghouse Elec. Corp., 949 F.3d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted); and

**WHEREAS** Plaintiff's interests in maintaining the confidentiality of the information contained in Documents 54, 55, and 55-1 are substantial and compelling; the potential serious injury that could arise to Plaintiff is clearly defined; the interests and potential harm rebut the presumption of disclosure; no parties object to this motion; Plaintiff's filing of these documents in redacted form, (ECF Nos. 56, 57), justifies why no less restrictive alternative to the relief sought is unavailable pursuant to Local Civil Rule 5.3(c)(3)(d). Therefore, Plaintiff's showings justify entry of an order sealing records. For good cause shown:

**IT IS** on this **21st** day of **October**, 2020,

**ORDERED** that Plaintiff's unopposed Motion to Seal (ECF No. 58) is <u>GRANTED</u>; and

**ORDERED** that the Clerk's Office is directed to permanently seal Documents 54, 55, and 55-1 (ECF Nos. 54, 55, 55-1).

**SO ORDERED**

/s/ Joseph A. Dickson_____
HON. JOSEPH A. DICKSON, U.S.M.J.

Dated: October 21, 2020

cc:   Hon. Esther Salas, U.S.D.J.